**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **GLENN CARTER #R-33001,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**WEXFORD HEALTH SOURCES, INC.,** )<br>**DR. COE, NURSE PHILLIPE,** )<br>**DR. FERGNOLIO,** )<br>**NURSE HARDING,** )<br>**and PHIL MARTIN,** )<br>)<br>**Defendants.** ) | **Case No. 16-cv-00098-NJR** |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Glenn Carter, an inmate who is currently incarcerated at Pontiac Correctional Center ("Pontiac"), brings this action pursuant to 42 U.S.C. § 1983 for the allegedly inadequate medical care he received at Lawrence Correctional Center ("Lawrence"). According to his complaint, Plaintiff recently learned that he suffers from chronic anemia. (Doc. 1 at 5). During a routine prostate examination on June 30, 2015, Doctor Coe informed Plaintiff that he was diagnosed with anemia in 2012. No action was taken to treat the condition. As a result, Plaintiff's liver function has been compromised, and he has contracted "a germ" that causes stomach ulcers, hemorrhaging, and even stomach cancer. Doctor Coe recommended further diagnostic testing and treatment but failed to refer Plaintiff to an outside specialist for these procedures. (*Id*.)

Plaintiff is currently taking ten different medications to treat the anemia and other conditions. He worries that he is hemorrhaging, and he fears for his life. Plaintiff submitted an emergency grievance to Warden Steve Duncan on June 30, 2015, in which he requested an immediate referral for diagnostic testing. (*Id*. at 4). His grievance was denied. (*Id*.).

Page **1** of **8**

Plaintiff now sues Doctor Coe, Doctor Fergnolio, Nurse Phillipe, Nurse Harding, Phil Martin, and Wexford Health Sources, Inc. ("Wexford") for responding with deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment. (*Id*. at 1-9). He seeks monetary damages and injunctive relief. (*Id*. at 10).

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claim in Plaintiff's *pro se* complaint into the following count:

> **Count 1:** **Eighth Amendment deliberate indifference to medical needs claim against Defendants for denying Plaintiff adequate treatment for his anemia.**

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion as to its merit.

**Discussion**

Plaintiff's claim of inadequate medical care (**Count 1**) arises under the Eighth Amendment,[1] which "imposes a duty on government officials to provide medical care to prisoners." *Townsend v. Cooper*, 759 F.3d 678, 689 (7th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). Prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical needs. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citing *Estelle*, 429 U.S. at 104).

A claim of deliberate indifference to a serious medical need contains both an objective and a subjective component. To satisfy the objective component, a prisoner "must demonstrate that his medical condition is 'objectively sufficiently serious.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1970)). A medical condition is considered objectively serious if it has been diagnosed by a physician as requiring treatment or would be obvious to a layperson. *See Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citing *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009)). For screening purposes, Plaintiff's anemia and related health issues satisfy the objective component of this claim.

Turning to the subjective component, the Seventh Circuit has held that a prison official acts with deliberate indifference when he "know[s] of and disregard[s] an excessive risk to inmate health." *Greeno*, 411 F.3d at 653. Neither "medical malpractice nor mere disagreement with a doctor's medical judgment" is sufficient to establish deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010) (citing *Estelle*, 429 U.S. at 106; *Estate of Cole v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996)).

---

[1] Plaintiff also mentions the Fourteenth Amendment in connection with this claim, however, the Eighth Amendment governs medical claims brought by prisoners.

The complaint suggests that Doctor Fergnolio and Nurse Phillipe may have been deliberately indifferent toward Plaintiff's medical needs when they diagnosed him with anemia but failed to take any steps to treat the condition. Doctor Coe advised Plaintiff that further diagnostic testing and treatment was necessary in 2015, but allegedly took no steps to refer Plaintiff for the testing. The Court cannot dismiss Count 1 against these defendants.

Count 1 shall be dismissed against all other defendants, however, including Nurse Harding, Phil Martin, and Wexford. Plaintiff alleges that these defendants should have taken steps to treat his anemia, but the complaint lacks basic information regarding their knowledge of Plaintiff's medical condition and their involvement in any decision to deny treatment. Standing alone, the bald assertion that these defendants were deliberately indifferent because of their inaction does not support a claim against them. Even at screening, the Court cannot "accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). More is required.

Defendants Martin and Wexford, in particular, appear to have been named as defendants because of their supervisory roles. But the doctrine of *respondeat superior*, or supervisory liability, is not recognized under § 1983. Liability "requires that a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014). In order for a supervisor like Phil Martin to be personally responsible, he must "know about the [unconstitutional] conduct and facilitate it, approve it, condone it, or turn a blind eye." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). And, in order for a private corporation like Wexford to be held personally liable under § 1983, it must have "maintained an unconstitutional policy or custom" that caused the violation of Plaintiff's rights. *Perez v. Fenoglio*, 792 F.3d 768, 780 (7th Cir. 2015) (citation omitted). The allegations in the complaint

suggest no such involvement by either of these defendants. Under the circumstances, **Count 1** shall receive further review against Doctor Coe, Doctor Fergnolio, and Nurse Phillipe. This claim shall be dismissed without prejudice against Defendants Wexford, Harding, and Martin.

The Court leaves for another day–and a fuller record–the question of whether Plaintiff's request for injunctive relief specific to Lawrence is moot. Plaintiff is no longer incarcerated there. He is now housed at Pontiac and has named no Pontiac officials in connection with his claims or his request for relief. He does not claim that he has been denied medical care at his current facility. Plaintiff's prayer for injunctive relief would therefore be moot unless he can show "a realistic possibility that he will again be incarcerated in the same state facility and therefore be subject to the actions of which he complains here." *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)).

## Pending Motions

**Motion for Recruitment of Counsel (Doc. 3)**

Plaintiff filed a motion for recruitment of counsel, which shall be referred to United States Magistrate Judge **Donald G. Wilkerson** for a decision.

**Motion for Service of Process at Government Expense (Doc. 5)**

Plaintiff also filed a motion for service of process at government expense, which is hereby **GRANTED in part**, with respect to Doctor Coe, Doctor Fergnolio, and Nurse Phillipe, and **DENIED in part**, with respect to Wexford, Nurse Harding, and Phil Martin.

**Disposition**

**IT IS HEREBY ORDERED** that Defendants **WEXFORD HEALTH SOURCES, INC., NURSE HARDING,** and **PHIL MARTIN** are **DISMISSED without prejudice** from this action because the complaint fails to state a claim against these defendants upon which relief may be granted.

**IT IS ORDERED** that with regard to **COUNT 1**, the Clerk shall prepare for Defendants **DOCTOR COE, DOCTOR FERGNOLIO,** and **NURSE HARDING**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a

true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings, including a decision on the motion for recruitment of counsel (Doc. 3), pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.* Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than

**7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: February 22, 2016**

                                                      */s/ Nancy J. Rosenstengel*
                                                  **NANCY J. ROSENSTENGEL**
                                                  **United States District Judge**