IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| GLENN CARTER, | ) |
| --- | --- |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 3:16-cv-98-NJR-DGW |
| JOHN COE, LYNNE PHILLIPPE, and JAMES FENOGLIO, | ) ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Now pending before the Court is a motion for summary judgment filed by Defendants John Coe, Lynne Phillippe, and James Fenoglio (Doc. 57), a motion to strike filed by defendants (Doc. 64), and a motion to strike filed by Plaintiff Glen Carter ("Carter") (Doc. 74). For the reasons set forth below, the motion for summary judgment is granted, and the motions to strike are denied.[1]

## BACKGROUND

Carter, an inmate formerly housed at the Lawrence Correctional Center, had his blood taken during a chronic hypertension clinic visit in February 2012 (Doc. 58-2, p. 2). The results indicated that he had iron-deficiency anemia, which meant that he had low

---

[1] As to Defendants' motion to strike, the Court construes Carter's pleading (Doc. 61) as a response to Defendants' motion for summary judgment. Therefore, the Court denies Defendants' motion to strike (Doc. 64). The Court also denies Carter's motion to strike (Doc. 74) and clarifies to Carter that the first motion for summary judgment filed by Defendants related to exhaustion of administrative remedies (*see* Doc. 38). Additionally, the Court did not deny this prior motion for summary judgment; it found the motion to be moot because Defendants withdrew the motion (*see* Docs. 43 and 44).

levels of iron in his blood (*Id*. at 3). At a subsequent follow-up appointment on March 14, 2012, he was asymptomatic, and Nurse Hardy (who is not a defendant in this case) performed a physical exam and ordered chest and abdominal x-rays (*Id*.). The x-rays were negative for any sign of abdominal bleeding or other cause of the anemia (*Id*.). Nurse Hardy ordered iron supplements for Carter, and the supplements were provided to him on March 20, 2012 (*Id*.).

By June 2012, Carter's iron levels were back to normal (*Id*.). After subsequent blood tests in October 2012 and March 2013 revealed that his anemia had resolved, the iron supplements were discontinued (*Id*. at 4). There is no indication in the record that Carter's anemia was evaluated thereafter by Dr. Fenoglio, the medical director at Lawrence CC, or Nurse Phillipe, who also worked at Lawrence CC during this time period. Carter did continue to receive blood testing at his chronic hypertension clinic visits (*Id*.).

Two years later, in March 2015, Carter's blood tests again revealed low hemoglobin and iron levels (*Id*.). He was again given iron supplements (*Id*.). On June 23, 2015, he was evaluated by Dr. Coe, who ordered additional blood tests in order to determine whether the H. Pylori bacteria was present (*Id*.). In noting the interaction, Dr. Coe stated that a "[r]eview of his labs shows an unevaluated anemia in 2012 that resolved with iron but now returned" (*Id*.). The June 2015 blood test revealed the presence of the bacteria (*Id*. at 5). Dr. Coe believes that the bacteria and related mild GI bleeding caused the mild anemia at that time (*Id*.). He prescribed Carter an antibiotic

(*Id*.). In July 2015, Carter was transferred from Lawrence Correctional Center to Pinckneyville Correctional Center along with his medical records (*Id*.).

## DISCUSSION

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FEDERAL RULE OF CIVIL PROCEDURE 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The Seventh Circuit has stated that summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In order to prevail on such a claim, a plaintiff must show first that his condition was "objectively, sufficiently serious" and second that the "prison officials acted with a sufficiently culpable state of mind." *Greeno v. Daley*, 414 F.3d 645, 652-653 (7th Cir. 2005) (citations and quotation marks omitted). Here, there is no dispute that Carter's anemia was an objectively serious medical condition.

As stated, a plaintiff also must show that prison officials acted with a sufficiently

culpable state of mind, namely, deliberate indifference. "Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'" *Estelle*, 429 U.S. at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). "The infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Duckworth v. Franzen*, 780 F.2d 645, 652-53 (7th Cir. 1985). Negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough. *Id.* at 653; *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987). Put another way, a plaintiff must demonstrate that the officials were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that the officials actually drew that inference. *Greeno*, 414 F.3d at 653. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer v. Brennan*, 511 U.S. 825, 842 (1994) (citations omitted). "Even if a defendant recognizes the substantial risk, he is free from liability if he 'responded reasonably to the risk, even if the harm ultimately was not averted.'" *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010) (quoting *Farmer*, 511 U.S. at 843).

The evidence does not reveal that any of the defendants were deliberately indifferent to Carter's anemia. The evidence shows that Carter was found to have anemia caused by an iron deficiency, that he was treated with iron supplements, and that his anemia resolved by 2013 (Doc. 58-2, p. 3, 9-26). The evidence also reveals that a

couple of years later Carter developed anemia again, that this second bout of anemia was caused by a bacterial infection and internal bleeding, and that this condition also was treated with antibiotics (Doc. 58-2, p. 48-50). There is no evidence that Carter suffered any complications from the anemia or the treatment or that he suffered any other conditions as a result of any lack of or delay in treatment. Indeed, there is no evidence that Carter sought any medical care between the two instances of anemia for any condition related to anemia. Rather, Carter appears to argue that the lack of a follow-up after the first bout of anemia led to the second bout of anemia.

Carter bases his belief on Dr. Coe's statement that the anemia in 2012 was "unevaluated." He also argues that Dr. Fenoglio and Nurse Phillippe failed to adequately evaluate his anemia in 2012, that they failed to follow-up after the iron supplements were discontinued, and that both of these caused his anemia to either continue or reoccur.

It is not clear what Dr. Coe meant by his notation in the records that the labs showed an "unevaluated anemia in 2012." (Doc. 58-2, p. 48). Dr. Coe states in his affidavit, however, that in making this notation, he "was in no way stating that the providers in 2012 failed to perform any test that they were required to or otherwise should have." (Doc. 58-2, p. 4-5). He explains that "[b]y charting that Mr. Carter's anemia in 2012 'resolved with iron' [he] was indicating that it resolved after appropriate treatment." (Doc. 58-2, p. 5). Even if Dr. Coe did—by his notation of "unevaluated anemia in 2012"—mean that certain diagnostic tests were not done or that no medical professional in 2012 considered or analyzed any tests that were done, the evidence does

not justify this or otherwise reveal any deliberate indifference by any of the defendants. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (mere disagreement between medical professionals about the proper course of treatment is insufficient to demonstrate deliberate indifference).

The undisputed evidence reveals that Carter's anemia in 2012 was evaluated with certain tests (chest and abdominal x-rays) and treated (with iron supplements). Medical professionals are granted deference in their treatment decisions and the tests employed, unless no minimally competent professional would have responded under similar circumstances. Carter was not entitled to demand specific diagnostic testing and treatment. *Pyles v. Fahim*, 771 F.3d 403, 409, 411 (7th Cir. 2014) ("Mr. Pyles may have wanted different treatment, but his disagreement with Dr. Fahim does not allow him to prevail on his Eighth Amendment claim."). Further, there is no evidence that, once the iron-deficient anemia was resolved with iron supplements, the failure to schedule follow-up appointments fell below any standard of care. Nor is there any evidence that the two bouts of anemia were related.

In light of this conclusion, it is unnecessary to discuss whether Defendants are entitled to qualified immunity.

## Conclusion

For the reasons set forth above, the motion for summary judgment filed by Defendants John Coe, Lynne Phillippe, and James Fenoglio (Doc. 57) is **GRANTED,** the motion to strike filed by defendants (Doc. 64) is **DENIED**, and the motion to strike filed

by Carter (Doc. 74) is **DENIED**. The case is **CLOSED**, and judgment will be entered accordingly.

**IT IS SO ORDERED.**

**DATED:** January 17, 2018

<u>s/ Nancy J. Rosenstengel</u>
**NANCY J. ROSENSTENGEL
United States District Judge**