IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GLENN CARTER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 16-CV-98-NJR-DGW |
| JOHN COE, LYNNE PHILLIPE, and JAMES FENOGLIO, | ) ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is a *pro se* Motion to Alter or Amend Judgment filed by Plaintiff Glenn Carter ("Carter"). For the reasons set forth below, the Court denies the motion.

## Background

Carter brought this action alleging that Defendants violated his Eighth Amendment rights when they were deliberately indifferent in their treatment of Carter's anemia during his incarceration at Lawrence Correctional Center. On January 17, 2018, the Court granted summary judgment in favor of Defendants John Coe, Lynne Philips, and James Fenoglio (Doc. 77).

On January 24, 2018, Carter filed a Motion to Alter or Amend Judgment (Doc. 80). Defendants filed a timely Response in Opposition to the Motion to Alter Judgment (Doc. 83).

## Analysis

Federal Rule of Civil Procedure 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence. *See Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 814 (7th Cir. 2012). "This rule enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Id.* at 813 (internal citation and quotation marks omitted). The decision to grant or deny a Rule 59(e) motion is entrusted to the "sound judgment" of the district court. *Id.* Rule 59 should not be used to advance arguments or theories that could have been made prior to the district court rendering a judgment. *Id.* Nor should it be used to reassert previously rejected arguments. *See Vesely v. Armslist L.L.C.*, 762 F.3d 661, 666 (7th Cir. 2014). Motions pursuant to Rule 59(e) should only be granted in rare circumstances. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Carter asserts in his motion that the Court committed a manifest error of law and fact in neglecting to address the qualified immunity claim raised in Defendants' Motion for Summary Judgment (Doc. 80, p. 1, 5). However, Carter's failure to create an issue of fact necessary to sustain his Eighth Amendment deliberate indifference claim mooted the issue of Defendants' entitlement to qualified immunity. *See, e.g. Whitley v. Albers*, 475 U.S. 312 (1986) ("our decision that petitioners were entitled to a directed verdict on the merits makes it unnecessary to [review qualified immunity]."); *see also Chicago United Industries, Ltd. v. City of Chicago*, 685 F. Supp. 2d 791, 793 (N.D. Ill. 2010); *see also Carmichael v. Richards*, 307 F. Supp. 2d 1014, 1025 (S.D. Ind. 2004). Thus, the Court did not commit a manifest error in failing to analyze this claim.

Carter also asserts in his motion that Wexford has demonstrated a pattern of providing inadequate healthcare to the inmates of the Illinois Department of Corrections. In support, Carter cites numerous news stories but fails to tie this argument to the facts or issues involved in this case. Carter also asserts that the Court erred by failing to address the Merck Medical Manual exhibits, stating that the exhibit directly contradicts Defendant Dr. Coe's medical expert witness affidavit. Carter fails to explain how this is so. The Court considered all of the evidence at summary judgment and determined that it revealed that Carter's anemia was evaluated with certain tests and treated.

Lastly, Carter challenges Magistrate Judge Wilkerson's Order denying appointment of counsel for purposes of obtaining medical expert testimony and the undersigned's failure to address this. Magistrate Judge Wilkerson denied Carter's request for counsel on several occasions noting that Carter was capable of litigating the matter concerning one count of deliberate indifference to a serious medical need. Magistrate Judge Wilkerson found that it was unlikely that expert discovery was required or that extensive fact discovery was required. Magistrate Judge Wilkerson further found Carter to be capable of reading and writing in English and responding to written motions with appropriate arguments and case authority. The undersigned district judge agrees with Magistrate Judge Wilkerson's assessment and does not find that this case was of a complexity warranting appointment of counsel.

Carter has not stated or demonstrated any grounds for relief under Rule 59(e), and the Court remains persuaded that it was correct in granting summary judgment for Defendants.

## Conclusion

For the reasons set forth above, the Court **DENIES** Carter's Motion to Alter or Amend Judgment (Doc. 80).

**IT IS SO ORDERED.**

**DATED:** July 9, 2018

**NANCY J. ROSENSTENGEL**
**United States District Judge**